**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNTHIA CICCONE, et al., | CIVIL ACTION NO. 12-1661 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| WORLD SAVINGS BANK, F.S.B., et al., | |
| Defendants. | |

**THE PLAINTIFFS**, Cynthia Ciccone and Clare Ciccone, originally brought this action against the defendants, World Savings Bank, F.S.B., Wachovia Corp., Wachovia Mortgage, Wachovia Bank, and Wells Fargo Bank, N.A., in state court. (See dkt. entry no. 1, Rmv. Not., Ex. A, Compl.)  The plaintiffs allege that the defendants, through various dealings relating to a mortgage on the plaintiffs' property: (1) violated the New Jersey Consumer Fraud Act; (2) committed common law fraud; and (3) violated the "New Jersey Fair Debt Collections Act".  (See id. at 8-12.)  The defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332. (See Rmv. Not. at 2-3.)

**THE DEFENDANTS** now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 9(b) and Rule 12(b)(6). (See dkt. entry no. 17, Defs.' Mot.; see generally dkt. entry no. 17-1, Defs.' Br.).  They argue that the Court should dismiss the Complaint pursuant to Rule 9(b) because the claim for common law

fraud was not pleaded with particularity.  (See Defs.' Br. at 7-9.) They also argue that the Court should dismiss the Complaint pursuant to Rule 12(b)(6) because that the plaintiffs have, with respect to all three of the claims, failed to state claims upon which the Court may grant relief.  (See id. at 10-16.)

**THE PLAINTIFFS** oppose the motion.  (See generally dkt. entry no. 18, Opp'n Br.)  They argue that the fraud claim meets the particularity requirements imposed by Rule 9(b).  (See id. at 12.) They do not directly address the merits of the defendants' arguments that pertain to Rule 12(b)(6).  They do, however, request an opportunity to amend the Complaint.  (See id. at 13.)

**THE COURT** has the inherent power to control the docket.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991).  Further, it appears that the plaintiffs' request to amend the Complaint should be resolved before the Court addresses the motion.  The Court will thus, for good cause appearing, deny the motion without prejudice and direct the plaintiffs to move before the Magistrate Judge for leave to amend the Complaint.

                                                  s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge

Date:    October 3, 2012